Taylor Tieman (SBN 305269)
ttieman@consumerlawcenter.com
Krohn & Moss, Ltd.
1112 Ocean Drive, Suite 301
Manhattan Beach, CA 90266
Tel: (323) 988-2400 x254
Fax: (866) 861-1390

Attorneys for Plaintiff, MARCELINA ESPIRITU

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| MARCELINA ESPIRITU, | **Case No.: 4:18-cv-2219** |
|            Plaintiff, | **COMPLAINT** |
|    v. | **(Unlawful Debt Collection Practices)** |
| LOANME, INC., | |
|            Defendant. | |

MARCELINA ESPIRITU (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against LOANME, INC. (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court over Counts I of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained herein.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Hayward, California.

   Claimant is a consumer or debtor and allegedly owes a debt as that term is defined by Cal. Civ. Code § 1788.2(d)-(e).

7. Defendant is a business entity with a principal place of business in Anaheim, California.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

9. Defendant placed telephone calls to telephone number ███████████.

10. Telephone number ███████████ has been assigned to Plaintiff's cellular telephone.

11. Defendant placed these calls nearly daily and on many occasions multiple times in a single day.

12. Defendant has called the aforementioned telephone phone number as many as eight times in a single day.

13. These calls are not for an emergency purpose.

14. These calls are associated with a financial account that is allegedly past due and owed.

15. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant placed them by using an automatic telephone dialing system.

16. On or about July 14, 2017, Plaintiff spoke with Defendant through one of its employees.

17. Plaintiff instructed Defendant to stop calling her cell phone.

18. Defendant continued to call Plaintiff's cell phone after July 14, 2017.

19. Defendant continued to use an automatic telephone dialing system to place these calls.

20. Plaintiff estimates that between July 17, 2017 and September 11, 2017, Defendant called her cell phone at least one hundred fifty-seven (157) times.

21. Defendant intended to use an automatic telephone dialing system to place these calls.

22. Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

23. Defendant knew that it did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

24. Defendant placed these calls voluntarily.

25. Defendant placed these calls under its own free will.

26. Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

27. Defendant willfully used an automatic telephone dialing system to place these calls.

28. Plaintiff was annoyed and felt harassed by these calls.

## COUNT I

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTIONS ACT**

29. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, MARCELINA ESPIRITU, respectfully requests judgment be entered against Defendant, LOANME, INC. for the following:

31. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

32. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

33. All court costs, witness fees and other fees incurred; and

34. Any other relief that this Honorable Court deems appropriate.

## COUNT II
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

35. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

36. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

b.  Defendant violated § 1788.11(e) of the RFDCPA by communicating with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff.

c.  Defendant violated § 1788.17 of the RFDCPA by failing to comply with the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq*., to wit:

1.  Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

2.  Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, harass, or abuse Plaintiff.

WHEREFORE, Plaintiff, MARCELINA ESPIRITU, respectfully requests judgment be entered against Defendant, LOANME, INC. for the following:

37. Statutory damages of $1,000.00  pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

38. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

39. Any other relief that this Honorable Court deems appropriate.

DATED:  April 13, 2018

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

By: /s/   <u>Taylor M. Tieman</u>
Taylor M. Tieman
Krohn & Moss, Ltd.
1112 Ocean Dr., Suite 301
Manhattan Beach, CA 90266
Tel: (323) 988-2400 x254
Fax: (866) 861-1390
ttieman@consumerlawcenter.com
Attorney for Plaintiff